SYRIAN ORTHODOX CHARITABLE SOCIETY *et al. vs.* ZONING
BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

APRIL 21, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for a writ of *certiorari* for
the purpose of reviewing a decision of the Zoning Board of
Review of the City of Pawtucket granting the application
of Tillie Percelay—hereinafter referred to as the applicant—
for an exception or variation of the provisions of the zoning
ordinance of said city by extending a nonconforming use of
property owned by her in said city. The objections raised
to said decision by the present petitioners may be sum-
marized as follows: that there is no necessity for the
erection of such a building as applicant desires to build;
that this granted use of her land is a wholly improper way
to develop property in a closely built-up residential section
and will decrease the value of both applicant's and peti-
tioners' property; and that the decision of the zoning board
granting said application violates the provisions of the
zoning ordinance with respect to the establishment of
height, area and use districts and is unreasonable, preju-
diced, arbitrary and an illegal and inequitable exercise of
the power of discretion vested in said board.

The applicant filed two applications for an exception or
variation of the provisions of said zoning ordinance. The
first, which requested permission to remove two wooden
buildings and to enlarge a manufacturing building already
on said land by adding thereto a fireproof structure extending
westerly to a point within ten feet of Darrow street, was
denied. Thereafter the applicant filed the present appli-

cation more specifically describing the proposed addition, which is similar to that described in the first application but occupies practically the full width of applicant's land and has its westerly wall thirty instead of ten feet from Darrow street.

On the day subsequent to the hearing of this petition, this court viewed the premises in question and observed the condition and use of the land adjacent to and in the vicinity of applicant's property, and the possible effect thereon of the proposed building.

Applicant's premises face North Main street. They are bounded at the rear by Darrow street, which runs parallel to North Main street somewhat over 200 feet west thereof and twelve feet higher. Parallel to both these streets, about 130 feet west of and twenty-four feet higher than Darrow street, is High street, on which property is owned by several of the present petitioners. The total grade between North Main and High streets is approximately thirty-six feet. This grade in some instances necessitates a retaining wall, rising above and running parallel to Darrow street, to support the buildings facing on High street, which wall, together with the rise in the land between Darrow and High streets and the vacant battery shop in the block between said streets, offers an unattractive outlook from the Darrow street frontage of applicant's property. Across from the North Main street side of her property are several stores and manufacturing plants. The buildings in the block in which her premises are located consist chiefly of dwelling houses of an inexpensive type but having adequate light and air, houses probably occupied by employees of the adjacent factories and stores.

The conclusion of the zoning board with respect to the present application is as follows: "In the opinion of the Board the location proposed in this application has removed the objection raised by the Board in the previous case of the retarding of future residential development of Darrow Street. The greater part of the proposed structure will,

under the present plan, be located toward the North Main Street portion of the premises rather than toward the Darrow Street frontage, a plan which the Board believes will enable the petitioner to erect the structure without adversely affecting neighbors in the use and enjoyment of surrounding property. After consideration of the application and the plans which form a part thereof the Board is of the opinion that the present application should be granted."

From the inspection of the area in question, it appears that the present use of applicant's building and the sheds attached thereto corresponds to the use of many buildings in the vicinity, as the district contains a number of manufacturing plants. At present it apparently calls for no new residences; some of those in the neighborhood are vacant. In short, the general use and appearance of the buildings in the vicinity indicate that there is no substantial basis for the petitioners' contention that applicant's building will decrease the value of adjacent property and is an improper development in such a district.

Petitioners also contend that the proposed structure will interfere with the light and air of near-by property. In this connection it is to be noted that most of the objectors reside several hundred feet or more from applicant's property, and that the tenants of some houses immediately adjacent thereto testified that they anticipated no interference from applicant's proposed building. Had the building, as proposed in the first application, been extended to within ten feet of Darrow street, it might have so interfered. Under the present plan, however, the wall toward Darrow street will now be thirty feet therefrom and will rise only four feet above the street level, due to the grade at this place; the objection that the building obstructs light and air seems therefore to be groundless.

Petitioners' third contention is that applicant's proposed addition is unnecessary. It is difficult to conceive of any other improvement which could, with reasonable expectation

of a fair return, be placed upon applicant's land. In view of the outlook of her property upon the sharp up-grade and high retaining wall on the opposite side of Darrow street, and considering the general nature of the property in the vicinity, the rental or investment value of a dwelling house erected on her premises would undoubtedly be small, making the building of the same inadvisable from an investment standpoint. It is therefore a practical necessity for applicant to build some type of industrial structure thereon if she would profit by the use of her land.

This consideration as well as many others entered into the decision of the instant case. The number of objectors was large and, although from the record and inspection it is difficult to ascertain how the proposed variation could materially affect objectors owning property on High street, a full and complete hearing was afforded these and all other objectors to the application.

In *Drabble* v. *Zoning Board*, 52 R. I. 228, this court held: "The extension of a nonconforming use is particularly one for consideration by the board since in cases of this nature there are often numerous elements to be considered which can be understood solely from a thorough knowledge of the surrounding property, its nature and use. The local board, because of this knowledge of local conditions, undoubtedly have realized the effect which the proposed alterations and additions on petitioner's premises would have upon those living or owning land near said property."

The view of the premises taken by this court and an examination of the record and plans for the proposed extension of applicant's building, which will result in the demolition of two non-fireproof and unsightly sheds and the erection in their place of a fireproof building, all lead to the conclusion that the zoning board weighed all the facts presented for their consideration, and that in granting the application for exception and variation they have been guilty of no abuse of the discretion vested in them, nor have they illegally exercised their powers.

The decision of the respondent board is affirmed. The petition for *certiorari* is denied and dismissed and the papers in the case are ordered remitted to the respondent board.

*Michael F. Costello,* for petitioners.

*Woolley & Blais,* for respondent.